TOM TAYLOR v. THE STATE.

No. 6945. Decided January 24, 1923.

**Wife and Child Desertion—Charge of Court—Defensive Theory.**

Where, upon trial of wife and child desertion, the court's charge presented only the States theory, entirely omitting any affirmative defensive issue, although several requested charges in accordance with the facts in the case, designed to supply the omission were requested, and proper exceptions reserved thereto, the same is reversible error.

Appeal from the County Court of Fayette. Tried below before the Honorable John P. Ehlinger.

Appeal from a conviction of wife and child desertion; penalty, one year confinement in the county jail.

The opinion states the case.

*John T. Duncan,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is under Article 640a of our Penal Code. Punishment was assessed at one year imprisonment in the county jail.

The information contains two counts, the first charging desertion of the wife, the second, desertion of the minor children. Both were submitted to the jury. The evidence is confusing and unsatisfactory, attributable, no doubt, to the lack of intelligence of the parties directly interested as well as most of the other witnesses. After appellant and his wife had been married about fifteen months she left home. going, as she claimed, to her parents on account of the illness of a brother. She remained away some eleven months. She claims that a few days after reaching her parents appellant notified her he did not intend to live with her longer. His contention is that she went away without fault on his part, and with the purpose of abandoning him. She filed complaint charging him with desertion; but they went back together, and the county attorney agreed to, and did dismiss the case. The wife avers that appellant again deserted her, and she filed a second prosecution. It is his contention that he rented a house, furnished it with supplies, and his wife refused to live with him because she did not like the place or locality selected by him. The contention of both parties is supported by evidence of other witnesses. The defensive issue was fairly raised by the facts.

The court's charge presented only the State's theory, entirely omitting any affirmative defensive issue. Several special charges designed to supply this omission were requested, and proper exceptions reserved to their refusal. One of the refused charges is as follows:

"Gentlemen of the Jury: I charge you that the defendant stands charged with having wilfully and without justification, having deserted, neglected and refused to provide for his wife and children, they being in destitute conditions. Now if from the evidence you believe the defendant's wife without just cause abandoned the defendant on or about the month of March, 1920, and remained away from him for about eleven months, and if you believe from the evidence that in 1921 she returned to Fayette County, and if you believe from the evidence that after she returned that she and the defendant lived together and if you believe that defendant thereafter provided a home and provisions for his wife and children and that the wife refused to live in it or stay in said home and persisted in living elsewhere, and if you believe from the evidence that the defendant is now ready and willing to provide a home and support for his wife or children or both, then I charge you that the defendant would not be guilty of said charge and you should find him not guilty and so say by your verdict."

As we have analyzed the facts, this charge pertinently presented appellant's defense and we think should have been given, and that its refusal was such error as calls for a reversal, and it is so ordered.

*Reversed and remanded.*